UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRIP CAPITAL, INC.,<br><br>*Plaintiff,*<br><br>-against-<br><br>JY IMPORTS OF NY INC. and<br>MIRIAM JACOBOWITZ,<br><br>*Defendants.* | Civil Action No.:<br>1:22-cv-7464<br><br>PLAINTIFF<br>DEMANDS TRIAL<br>BY JURY |

COMPLAINT

Plaintiff Drip Capital, Inc. ("plaintiff"), by and through its undersigned counsel, Scarola Zubatov Schaffzin PLLC, for its Complaint against defendants JY IMPORTS OF NY INC. ("JY") and Miriam Jacobowitz ("Jacobowitz"), alleges as follows:

*The Parties, Jurisdiction and Venue*

2. Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California.

3. Defendant JY is a corporation organized under the laws of the State of New York with its principal place of business in the State of York.

4. Defendant Jacobowitz is a citizen and resident of the State of New York.

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

§1332(a)(1) because there is complete diversity between plaintiff, on the one hand, and defendants, on the other hand, and, as alleged herein, the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because defendants are residents of the State in which this District is located and §1391(b)(2) because a substantial part of the events and omissions giving rise to the claims in this case occurred in this District.

*Facts — Contractual Liability of Defendant JY*

7. Plaintiff is in the business of, among other things, lending to small- and medium-sized companies for their working capital needs.

8. On or around November 9, 2021, JY entered into a lending agreement titled Master Revolving Supply Chain Financing Agreement (the "Agreement").

9. Plaintiff lent funds under the Agreement to JY which were due to be repaid prior to the commencement of this action but which remain unpaid as of the date of filing, in a principal amount of $92,068, plus interest through November 16, 2022, in the amount of $9,158, totaling $101,226 as of November 16, 2022 (November 16, 2022, being the date of the last demand to defendants for payment).

10. Under the Agreement, plaintiff is also entitled to its costs of collection, including attorneys' fees, which are expressly recoverable and owed under the Agreement in the event of default as has occurred (in amounts not yet known).

11. JY is in default in its payments to plaintiff under the Agreement and plaintiff is entitled to all relief against JY as permitted under the Agreement and at law.

*Facts — Piercing the Corporate Veil and* Alter Ego
*Liability Against Defendant Jacobowitz*

12. Defendant Jacobowitz has been represented to be and is understood and believed to be the sole owner of JY, and the sole person responsible for the conduct of its business.

13. Throughout the time of the JY relationship with plaintiff and including leading to the formation of the Agreement, and plaintiff lending funds to and on behalf of JY, Jacobowitz has operated the business of JY as her alter ego and with complete control and domination of JY.

14. Jacobowitz has done so with the purpose, intent and effect of operating an injustice and fraud against plaintiff.

15. In particular, despite Jacobowitz holding out to plaintiff that JY was a viable going concern with sufficient capital to engage in the business in which it had held itself out to be conducting, Jacobowitz misrepresented those facts and the condition of JY. While she represented JY to be a fully functioning business with a presence and assets and adequate capitalization sufficient to conduct the business without utter failure in the event of minor business setbacks, that was not so.

16. Jacobowitz has in fact represented that JY has no funds with which to repay plaintiff what JY borrowed and owes.

17. In fact, JY did not have and has not had sufficient capital to conduct the business for which it induced plaintiff, through Jacobowitz, to lend money, including having complete inability to repay those funds.

18. In addition to this undercapitalization, Jacobowitz operated the business of JY as if it were indistinct from her personally and also operated the business without adherence to

3

any of the formalities of the corporate form.

19. In that regard, Jacobowitz dominated the affairs of JY such that it had no meaningful separate existence from her and existed merely as a conduit for her own business affairs and her personal instrumentality and *alter ego*.

20. Among other things, Jacobowitz caused JY and its business and assets to be comingled with and intermingled with the assets and businesses of other enterprises she controlled and controls, including businesses known as Unique Gems and Lavender Associates, all with the purpose and effect of leaving JY without assets to repay plaintiff.

21. In all respects, Jacobowitz's use and abuse of JY constitutes the abuse of the corporate form. At bottom, as operated by Jacobowitz, JY was nothing but an empty shell incapable of discharging its responsibilities or supporting its potential liabilities, and a mere instrumentality of Jacobowitz and her other businesses. Piercing the corporate veil of JY and holding Jacobowitz liable as its alter ego is called for where, as here, it is necessary to promote equity and rectify an injustice (as here, for the reasons alleged).

22. In all the circumstances, Jacobowitz's operation of JY as her instrumentality and *alter ego* over which she exerted complete domination would, in the absence of a finding of personal liability against Jacobowitz under the theories of piercing the corporate veil and *alter ego* liability, perpetrate a fraud and injustice against plaintiff.

FIRST CAUSE OF ACTION

23. Plaintiff repeats and realleges each allegation above as if fully set forth here.

24. By reason of the foregoing, JY has breached the Agreement and is liable to plaintiff in the amount of $101,226 plus interest that will continue to accrue in accordance with the Agreement and at law, as well as collection costs as provided for in the Agreement,

all to be determined in a specific amount at trial.

25. By reason of the foregoing, Jacobowitz is liable to plaintiff for the entirety of the amount of JY's liability to plaintiff based upon piercing the corporate veil principles and under the principles of *alter ego* liability.

WHEREFORE, plaintiff demands Judgment in its favor and against defendants, jointly and severally, for:

a. $101,226 plus interest that will continue to accrue in accordance with the Agreement and at law, all to be determined in a specific amount at trial; and

b. collection costs as provided for in the Agreement, all to be determined in a specific amount at trial;

together with granting such other and further relief for plaintiff and against each of defendants as the Court deems just and proper.

Dated: December 8, 2022

SCAROLA ZUBATOV SCHAFFZIN PLLC

By_____
Richard J.J. Scarola
620 Fifth Avenue
2nd Floor
New York, NY 10020
Tel.: (212) 757-0007

*Attorneys for Plaintiff Drip Capital, Inc.*

5