UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
DRIP CAPITAL, INC.,

                              Plaintiff,                  **ORDER**

   -against-                                              22-CV-7464
                                                                   (Reyes, J.)
JY IMPORTS OF NY INC.; MIRIAM JACOBOWITZ;      (Marutollo, M.J.)
YOEL JACOBOWITZ; UNIQUE JEMS, INC.; JACOB
SCHWARTZ,
                              Defendants.
----------------------------------------------------------------------x

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On August 5, 2024, the Court held an in-person status conference to address the outstanding discovery issues identified by Plaintiff Drip Capital, Inc. in its recent letters to the Court. *See* Dkt. Nos. 77, 79. The Court scheduled the conference on July 30, 2024 via the following minute entry and order:

> Minute Entry for proceedings held before Magistrate Judge Joseph A. Marutollo: A telephonic status conference was held on July 30, 2024. Counsel for Plaintiff appeared. Defense counsel failed to appear. The Court notes that the July 30, 2024 conference was converted to a telephone conference at the request of defense counsel. *See* Dkt. No. 76; *see also* July 23, 2024 Dkt. Entry.
>
> Defendants shall SHOW CAUSE by July 31, 2024 at 5:00 pm as to why sanctions should not be issued due to Defendants failure to appear at the July 30, 2024 conference.
>
> By August 1, 2024 at 5:00 p.m., Plaintiff shall file a letter regarding Defendants' outstanding discovery responses. The letter shall lay out, in a chart format, the specific discovery requested and what materials Defendants produced in response, if any. Defendants shall file a response letter by August 2, 2024 at 5:00 p.m.
>
> The Court will hold an in-person conference on Monday, August 5, 2024 at 3:30 p.m. in Courtroom 324N before Magistrate Judge Joseph A. Marutollo. There will be no adjournments of this conference, and it will not be converted to a telephone conference. (FTR Log #ZoomGov 4:10-4:19.) (KAR) (Entered: 07/30/2024)

*See* July 30, 2024 Dkt. Entry.

At 3:11 p.m. on August 5, 2024, the undersigned's chambers received a telephone call from Defendants' counsel, Mr. Christian Martinez, advising that he would be unable to appear in person for the 3:30 p.m. status conference because he traveled to the Central Islip courthouse by mistake.

The Court called the case at 3:33 p.m. on August 5, 2024. Mr. Scarola and a representative from his office appeared, in person, on behalf of Plaintiff. The Court called Mr. Martinez on the record. Mr. Martinez stated that his office had incorrectly advised him that he had a conference in Central Islip, not in Brooklyn. The Court declined to sanction Mr. Martinez but warned him that he would be sanctioned for any future missed court appearances, particularly given that Mr. Martinez failed to appear at the July 30, 2024 telephonic conference.

At the August 5, 2024 conference, the Court proceeded to address the outstanding discovery issues raised by Plaintiff. *See* Dkt. Nos. 77, 79. As detailed on the record, since June 14, 2024, Defendants have failed to comply with this Court's orders on at least four occasions. The Court read into the record Defendants' repeated failure to adequately respond to Court-ordered deadlines related to discovery in this matter.

As set forth at the August 5, 2024 conference, Defendants are **ORDERED** to serve Plaintiff with the following by **August 9, 2024 at 5:00 p.m.**:

1. A properly executed and signed copy of the affidavit of Mrs. Miriam Jacobwitz that Defendants were previously ordered to serve on Plaintiff pursuant to the Court's July 11, 2024 Order; and

2. A signed affidavit from Yoel Jacobwitz that sets forth the ownership structure of Unique Jems, Inc. and describes, with specificity, the entities and/or individuals who have an ownership interest in Unique Jems.

Additionally, by **August 9, 2024 at 5:00 p.m.**, Defendants are further **ORDERED** to serve Plaintiff with supplemental responses to Plaintiff's First Request for Production of Documents, dated April 10, 2024. *See* Dkt. No. 79-1. Defendants' supplemental responses **must** comply with

2

all applicable Federal Rules of Civil Procedure and Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Specifically, Defendants' supplemental responses must provide a separate response to **each** document request. For each request, if Defendants' position is that they have already produced all documents responsive to that request that are in their possession, custody, or control, then Defendants shall provide the Bates numbers of the responsive documents and the dates on which these documents were served on Plaintiff.

If Defendants' position is that such documents do not exist or, alternatively, if Defendants maintain that they do not have responsive documents in their possession, custody, or control, then Defendants' supplemental responses shall include a statement to that effect. Defendants' supplemental responses must address each document request separately. For each response where Defendants maintain that responsive documents do not exist or, alternatively, that they do not have responsive documents in their possession, custody, or control, Defendants are **ORDERED** to produce an additional affidavit or additional affidavits that set forth, at minimum, the following information:

1. A statement indicating which document request is being referenced;

2. A statement indicating the date in which the affiant searched for responsive documents and a description of the locations searched;

3. If the affiant maintains that certain documents do not exist, a statement that sets forth their grounds for such belief; and

4. If the affiant maintains that any document requested is no longer in their possession, custody, or control, a statement setting forth what was done with the document, the reasons for the transfer or disposition of the document, and the date of the transfer or disposition.

Any affidavit produced in accordance with this Order must be dated and signed by the affiant under the penalties of perjury. Defendants shall serve these affidavits on Plaintiff by **August 9, 2024 at 5:00 p.m**.

Plaintiff is **ORDERED** to serve Defendants with a settlement demand by August 9, 2024.

Plaintiff is **ORDERED** to file a joint letter by **August 12, 2024 at 5:00 p.m.** that sets forth the parties' positions on whether this Order has been complied with. The joint letter shall also indicate whether the parties believe that a settlement conference would be fruitful, and if so, propose three dates in September and/or October where they are available to appear in person with counsel.

As set forth in the Court's August 5, 2024 minute entry, an in-person status conference will be held on **August 22, 2024** at **10:00 a.m.** in Courtroom 324N before the undersigned.

**IT IS FURTHER ORDERED** that the discovery deadlines are amended as follows:

- Plaintiff shall make required Fed. R. Civ. P. 26(a)(2) disclosures, if any, by September 6, 2024.

All other discovery deadlines remain the same, including the September 19, 2024 deadline for Defendants to make required Fed. R. Civ. P. 26(a)(2) disclosures, if any. **All discovery, including expert discovery, will close on October 17, 2024**.

As set forth on the record, Defendants and their counsel, Mr. Martinez, are on notice that if they do not comply with this Order, or any future orders, the Court will issue sanctions as appropriate.

Dated:    Brooklyn, New York  
           August 5, 2024

SO ORDERED.

  */s/ Joseph A. Marutollo*  
JOSEPH A. MARUTOLLO  
United States Magistrate Judge